**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

SEAN FRANKLIN,                              :

              Plaintiff,           :

         v.                            :     Case No. _____

DEANGELO BROTHERS, LLC             :

              Defendant.          :

## NOTICE OF REMOVAL FROM STATE COURT

To:    Sean Franklin
        Mary T. Keating, Esq.
        The Law Office of Mary Keating
        728 Deepdene Road
        Baltimore, MD, 21210
        marykeating@keating-law.com

Defendant DeAngelo Brothers, LLC ("Defendant") hereby files this Notice of Removal from State Court pursuant to 28 U.S.C. §1441, and respectfully removes this case, the grounds for which are as follows:

**Proceedings To Date**

1.    On or about September 22, 2017, Plaintiff Sean Franklin ("Plaintiff") filed a complaint against Defendant in the Circuit Court for Anne Arundel County, Maryland and captioned *Sean Franklin v. DeAngelo Brothers LLC*, No. C-02-CV-17-002729.

2.    On October 23, 2017, undersigned counsel accepted service of Plaintiff's complaint and writ of summons on behalf of Defendant. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the complaint and writ of summons, which comprise all of the "process, pleadings, and orders served upon…Defendant…in [this] action," are attached hereto as Exhibit A to this Notice and incorporated by reference.

FPDOCS 33369033.1

3. This Notice of Removal is timely filed within thirty (30) days of service of the Summons and Complaint on Defendant and, therefore, is timely pursuant to 28 U.S.C. §1446(b)(2).

4. There have been no other proceedings in this action.

**Grounds for Removal**

5. According to the Complaint, and upon information and belief, plaintiff is a citizen of Maryland residing in Rosedale, MD.

6. Defendant is a limited liability company ("LLC").

7. The citizenship of an LLC is determined by the citizenship of all of its members. *See, e.g., Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (citing *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004)). If the members of an LLC are themselves LLCs, the citizenship of the "sub-members" controls. *See, e.g., Delaware Forrest v. Green Tree Servicing, LLC*, No. 13-1525, 2013 WL 3270447, at *3 (D. Md. June 25, 2013).

8. Defendant is a Delaware limited liability company whose sole member is DBI Holding, LLC.

9. DBI Holding, LLC is a Delaware limited liability company whose sole member is DBi Parent, LLC.

10. DBi Parent, LLC is a Delaware limited liability company that has three members, Paul D. DeAngelo, Sterling DBi Investor, LLC, and DBi Intermediate Holding, LLC.

11. Paul D. DeAngelo is a citizen of the Commonwealth of Pennsylvania.

12.     Sterling DBi Investor, LLC has two members, Sterling AMBU Blocker, Inc. and Sterling GSBU Blocker, Inc, both of which are Delaware corporations with principal places of business in Illinois.

13.     DBi Intermediate Holding, LLC is a Delaware limited liability company wholly owned by DBi HoldCo, Inc.

14.     DBi HoldCo, Inc. is an S-Corporation incorporated in Delaware with a principal place of business in Hazleton, Pennsylvania.

15.     Accordingly, Defendant is a citizen of Pennsylvania, Delaware, and Illinois for purposes of diversity citizenship.  A chart depicting the organizational structure along with each entity's state of citizenship is attached hereto as Exhibit B.

16.     Consistent with the requirements of 28 U.S.C. §1332(a), diversity of citizenship existed between the parties at the time Plaintiff filed his Complaint and continues to exist to date.

17.     The matter in controversy exceeds $75,000, for the following reasons:

a.     This matter involves Plaintiff's claims of wrongful termination surrounding the termination of his employment in or around July 2016.

b.     Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, attorneys' fees and any other such relief as the Court deems just and proper. Plaintiff further alleges that his damages, in the aggregate, exceed $350,000.

d.     Plaintiff's Complaint also seeks an award of punitive damages, which are to be included when considering the amount in controversy. *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943).

e.      Considering the fact that Plaintiff's Complaint seeks compensatory damages (including, at present, a year and a half of wage loss), punitive damages, attorneys' fees and other relief, the amount in controversy in this matter far exceeds $75,000.

18.     Therefore, the United States District Court for the District of Maryland has subject matter jurisdiction under 28 U.S.C. §1332(a) because this is a civil action in which there is complete diversity between Plaintiff and Defendant and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

19.     Consequently, this Action is removable to Federal Court pursuant to 28 U.S.C. §1441.

**Consent to Remove**

20.     The Defendant consents to the removal of this action.

**Venue**

21.     This action is currently pending in the Circuit Court for Anne Arundel, Maryland, which is within this judicial district and division.  28 U.S.C. §110.  This Court is accordingly the proper venue for removal.

**Notice**

22.     Written notice of the filing of this Notice of Removal from State Court has been served on Plaintiff in accordance with 28 U.S.C. § 1446(d).

23.     Defendant, upon filing this Notice of Removal from State Court with the Clerk of the United States District Court for the District of Maryland, has also filed true and correct copies of the Notice of Removal from State Court with the Clerk of the Circuit Court for Anne Arundel County, Maryland to effect removal of this action pursuant to 28 U.S.C. § 1446(d).

## Conclusion

24.    For the above reasons, Defendant removes this Action from State Court to this Court.

25.    By filing this Notice of Removal, Defendants do not waive any defects in service of process, venue or personal jurisdiction, nor do they waive any other defenses available to them.

Dated:  November 3, 2017

Respectfully submitted,

David W. Erb
FISHER & PHILLIPS, LLP
79 East Main Street, Suite 207
Westminster, MD  21157
Telephone:  (410) 857-1399
Facsimile:  (410) 857-1133
derb@laborlawyers.com

***Counsel for Defendant
DeAngelo Brothers, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November 2017, the foregoing Notice of Removal From State court was filed with the Court and was served on the following by Federal Express and email:

Mary T. Keating, Esq.
The Law Office of Mary Keating
728 Deepdene Road
Baltimore, MD, 21210
marykeating@keating-law.com
*Counsel for the Plaintiff*
*Sean Franklin*

David W. Erb